UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH FIORILLO | : | |
| Plaintiff | : | CASE NO. 3:01CV02436 (WWE) |
| V. | : | |
| FRANK PERROTTI, JR., and AUTOMATED SALVAGE TRANSPORT, INC. | : | |
| Defendants | : | |
| FRANK PERROTTI, JR. | : | |
| Third Party Plaintiff | : | October 20, 2003 |
| V. | : | |
| THOMAS MILO | : | |
| Third Party Defendant | : | |

**MOTION, ON CONSENT, FOR LEAVE TO AMEND COMPLAINT**

Joseph Fiorillo, plaintiff, respectfully requests leave to amend the complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure.

The proposed amendment, if allowed, will be the second amendment of the complaint, the first having been made in response to the Court's ruling of December 3, 2002 on the defendant's Motion to Dismiss.

The proposed amendment sets forth a supplemental cause of action against the Defendant *Perrotti* only; it does not affect

any of plaintiff's other claims, nor does it affect the third-party action brought by Perrotti, against Thomas Milo.

The undersigned has contacted Attorneys Jason M. Kuselias and Craig A. Raabe for Frank Perrotti, Jr. and ASTI in connection with this request and they have no objection to this motion to amend the complaint being granted.

The proposed amendment will bring the plaintiff's claim for relief into conformance with the facts set forth in defendant Frank Perrotti, Jr.'s Answer regarding plaintiff's claims of breach of contract and unjust enrichment. Defendant Perrotti asserted the affirmative defense of "accord and satisfaction" and appended a copy of a promissory note dated December 24, 1996, in the principal amount of $1,187,500 which he executed in favor of Plaintiff Fiorillo as consideration pursuant to the written agreement for Plaintiff Fiorillo's shares of ASTI. The proposed amendment simply adds a claim against Defendant Perrotti for his failure to pay to Plaintiff Fiorillo the sum due on the promissory note. It is submitted that this second amendment to the complaint is necessary and that no prejudice or delay will be occasioned by the granting of this request. A copy of the proposed Second Amended Complaint is attached to this motion.

Wherefore, it is respectfully requested that Plaintiff Fiorillo be permitted to amend the complaint to include: "Count Four-Default under Promissory Note against Defendant Perrotti".

                                        Respectfully submitted,
                                        Joseph Fiorillo, Plaintiff

                                        */s/ Kurt F. Zimmermann*

                                        By: Kurt F. Zimmermann
                                        Federal Bar No. ct00581
                                        Silverstein & Osach, P.C.
                                        234 Church Street, Suite 903
                                        New Haven, CT 06510
                                        Telephone: 203-865-0121

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH FIORILLO,              :
    Plaintiff                 :
                              :
        v.                    :    CIVIL ACTION NO.
                              :    3:01CV02436 (WWE)
FRANK PERROTTI, JR., and      :
AUTOMATED SALVAGE             :
TRANSPORT, INC.               :
    Defendants                :    October 20, 2003

### [PROPOSED] SECOND AMENDED COMPLAINT

**PARTIES**

1.   Plaintiff Joseph Fiorillo is a citizen of New York who presently resides at 12 Hampton Road, Purchase, New York, 10577.

2.   Defendant Frank Perrotti, Jr. is a citizen of Connecticut whose address is 305 Sprucebank Road, Hamden, Connecticut, 06518.

3.   Defendant Automated Salvage Transport, Inc. [ASTI] is a corporation organized under the laws of the State of Connecticut with a principal place of business at 655 Christian Lane, Kensington, Connecticut, whose registered agent for service of process in Connecticut is: CT Corporation Systems, One Commercial Plaza, Hartford, Connecticut, 06103.

**JURISDICTION**

4.   The jurisdiction of the United States District Court for the District of Connecticut is invoked pursuant to Title 28, United States Code, Section 1332, Diversity of Citizenship, as the Plaintiff and Defendants are citizens of different states and

Ex. A to Motion

the amount in controversy exceeds $75,000.00.

**NATURE OF THE CASE**

5. Plaintiff, Joseph Fiorillo, asserts claims in contract and equity against the defendants all of which arise from his relationship as both an employee and part owner of Defendant ASTI from approximately March 1991 until on or about December 1996, when Plaintiff Fiorillo's shares in ASTI were transferred to Defendant Perrotti.

**FIRST COUNT - INTRODUCTION**

6. Defendant Automated Salvage Transport, Inc. was incorporated pursuant to the laws of Connecticut in January, 1990.

7. At all times relevant to this action, ASTI was engaged in the business of hauling, recovery and marketing of recyclable materials in Connecticut and later in Westchester County, New York.

8. ASTI was comprised of three operating divisions: a recyclable paper processing and brokering business Automated Material Handling [AMH]; a solid waste hauling operation; and, a public Materials Recovery Facility.

9. ASTI's principal place of business was located in Berlin, Connecticut where it operated its paper recycling facility. Prior to 1999, ASTI's business offices and the hauling operations were located in Hamden, Connecticut.

2

10. ASTI was initially organized with 5,000 authorized shares of common stock, but at all times relevant to this action, only 1,000 shares were issued and outstanding.

11. During the period between approximately March 1991 and December 12, 1996, the 1,000 outstanding ASTI shares were owned by the following persons in the amounts indicated: 100 shares were owned by the Plaintiff Joseph Fiorillo; 500 shares were owned by the Defendant Frank Perrotti, Jr.; 300 shares were nominally owned by Carmine Domenicus; and, it is not known by the Plaintiff who owned the remaining 100 outstanding shares of ASTI during this period.

12. Carmine Domenicus held his 300 shares of ASTI common stock as the nominee for his father-in-law, Thomas Milo, who was Defendant Perrotti's de facto partner in the ownership and management of ASTI. During the relevant period, Thomas Milo loaned to and invested funds in ASTI individually and through Milo's other waste hauling companies, Suburban Carting, Co. [Suburban] and Trottown Transfer Corp. [Trottown].

13. Plaintiff Fiorillo was also an employee of Suburban during the relevant time period.

14. During the years 1991 through 1996, Plaintiff Fiorillo loaned approximately $276,770 to ASTI as is reflected on the financial statements for ASTI for the annual periods ending December 31, 1994 through 1995 as a loan from this shareholder.

15. During the latter part of 1996, ASTI and USA Waste of New York, Inc. formed an affiliation known as Westchester Waste Services Co. LLC [WWSCO] for the purpose of pursuing a contract

3

with the County of Westchester, New York, [the County] for the management and operation of transfer stations, materials recovery facilities, and other solid waste disposal services for the County.

16. Westchester County's solid waste management services had previously been the subject of a contract between the County and Milo's Trottown Transfer Corp. but the County had disqualified any entity affiliated with Milo from the new contract proposal.

17. In late 1996, Defendant Perrotti and his partner Milo requested that Plaintiff Fiorillo transfer ownership of his (Fiorillo's) 100 shares of ASTI to Defendant Perrotti to facilitate ASTI's participation in the Westchester County contract proposal.

18. It was part of the understanding between the Plaintiff Fiorillo, and the Defendant Perrotti and his partner (Milo) that, after the contract with the County had been awarded to ASTI-WWSCO, USA Waste or its successor Waste Management, Inc. would purchase all of the outstanding shares of ASTI (USA Waste and Waste Management, Inc. were in the process of merging with each other).

19. Defendant Perrotti with and through his partner Milo represented to Plaintiff Fiorillo that in consideration for his transfer of the 100 shares of ASTI to Defendant Perrotti that Plaintiff Fiorillo would be paid ten-percent of the price paid for ASTI's shares by USA/Waste Management.

4

20. On or about December 12, 1996, Plaintiff Fiorillo, in specific reliance upon the promises and understandings described above, executed a document at the request of Defendant Perrotti and his partner and agent Milo by which Plaintiff Fiorillo transferred ownership of his 100 shares of ASTI to Defendant Perrotti.

21. At or about the same time, the 300 shares of ASTI owned by Domenicus were also transferred to Perrotti and thereafter Perrotti became the sole shareholder of record of ASTI.

22. For all periods subsequent to the transfer of Plaintiff Fiorillo's shares to Defendant Perrotti, the liability owed by ASTI to Plaintiff Fiorillo (formerly shown as a debt owed to the shareholder) was carried on ASTI's books as a long-term liability owed to Plaintiff Fiorillo individually in the principal amount of $276,770, payable (with interest) on or before December 24, 2001.

23. In approximately 1997, Westchester County awarded the contract for the management of its solid waste systems to ASTI-WWSCO.

24. Also on or about 1997, USA Waste completed its merger with Waste Management Inc, and the succeeding entity adopted the name Waste Management Inc. [USA/Waste Management].

25. Effective in or about January, 1999, USA/Waste Management purchased all 1,000 outstanding shares of the common stock of ASTI for approximately $90 million from shareholder and Defendant Perrotti (and from persons affiliated with Perrotti to

5

whom he had transferred shares).

26.  To date, Plaintiff Joseph Fiorillo has not received any payment from Defendant Perrotti for having transferred ownership of his (Fiorillo's) 100 shares of ASTI to Defendant Perrotti in December, 1996.

27.  To date, ASTI has not paid to Plaintiff Fiorillo any of the debt owed by ASTI to Plaintiff Fiorillo which ASTI accrued while Plaintiff Fiorillo was an ASTI shareholder and employee.

**FIRST COUNT-Breach Of Contract against Defendant Perrotti**

28.  The Defendant Perrotti has breached the contract under the terms of which the Plaintiff Fiorillo transferred his (Fiorillo's) shares and ownership of ASTI to the Defendant Perrotti.  Defendant Perrotti has failed and refused to pay to Plaintiff Fiorillo ten-percent of the proceeds from the purchase by USA/Waste Management from Defendant Perrotti of ASTI's stock in January, 1999.

29.  The Plaintiff Fiorillo claims damages from the Defendant Perrotti for breach of this agreement and any other relief which the Court deems appropriate from Defendant Perrotti.

**SECOND COUNT-Unjust Enrichment against Defendant Perrotti**

Paragraphs 30 through 56: Paragraphs numbered 1 through 27 of the First Count of this Complaint are incorporated by reference as if fully set forth as paragraphs 30 through 56 of this the SECOND COUNT of the Complaint.

57.    The Defendant Perrotti has benefitted by the Plaintiff Fiorillo's transfer of his (Fiorillo's) 100 shares of ASTI common stock to Defendant Perrotti in December 1996.

58.    The Defendant Perrotti was unjustly enriched to the Plaintiff Fiorillo's detriment because the defendant did not pay for the shares nor did he pay to plaintiff his share of the proceeds from the defendant's sale of the ASTI shares to USA/Waste Management in 1999.

59.    Wherefore, the Plaintiff Fiorillo respectfully requests the Court enter judgment against Defendant Perrotti in an amount commensurate with Plaintiff's loss and Defendant's enrichment, i.e. the value of the shares at the time and under the circumstances of the transfer to defendant, plus any other relief the Court deems appropriate.

**THIRD COUNT-Debt Against Defendant ASTI**

Paragraphs 60 through 86: paragraphs numbered 1 through 27 of the First Count of this Complaint are incorporated by reference as if fully set forth as paragraphs 60 through 86 of this THIRD COUNT of the Complaint.

87.    During the course of his employment and ownership, relationship with Defendant ASTI, the Plaintiff Fiorillo advanced monies as shareholder loans to ASTI in the total principal amount of $276,770 as of December 31, 1997.

88.    The Defendant ASTI has not repaid this liability and it remains due and owing to the Plaintiff.

7

89. The Plaintiff Fiorillo respectfully requests the Court enter judgment in his favor and against ASTI for the amount due plus interest and costs, including reasonable attorneys fees and any other relief which the Court deems appropriate.

**FOURTH COUNT-Default under Promissory Note against Defendant Perrotti**

Paragraphs 90 through 96: paragraphs numbered 1 through 27 of the First Count of this Complaint are incorporated by reference as if fully set forth as paragraphs 90 through 96 of this FOURTH COUNT of the Complaint.

97. On or about December 24, 1996, Defendant Perrotti, as purported consideration for Plaintiff Fiorillo's having transferred all of his shares of ASTI to Defendant Fiorillo, executed and delivered to Plaintiff a promissory note which, by its terms, obligated Defendant Perrotti to pay to Plaintiff Fiorillo the principal amount of $1,187,000.00 on December 31, 2001. [A copy of the note is attached as Exhibit A to this Second Amended Complaint.]

98. By its express terms, the promissory note also provides for payment by the Defendant Perrotti, to the Plaintiff Fiorillo, interest at the fixed rate of 6.31% compounded per annum from the date of its making (December 24, 1996) "together with all costs and expenses, including reasonable attorney's fees, incurred by the Holder related to the collection of the debt evidenced hereby or in any litigation arising from or connected with the promissory note."

CERTIFICATION

This is to certify that on October 20, 2003, a copy of the foregoing Motion for Leave to Amend Complaint with Exhibit A was mailed to the following parties by U.S. Mail.

Jason M. Kuselias, Esq.
Craig A. Raabe, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Glenn M. Cunningham, Esq.
R. Michael Meo, Jr. Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819

John L. Pollok
William A. Rome
Hoffman & Pollok
260 Madison Ave 22nd FL
New York, NY 10016

Joseph E. Faughnan
Karen Baldwin Kravetz
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

Kurt F. Zimmermann

4

99.     Despite demand by the Plaintiff Fiorillo, Defendant Perrotti has not paid to Plaintiff Fiorillo any of the amount due on the promissory note.

WHEREFORE, Plaintiff Fiorillo requests that the Court enter judgment in his favor and against Perrotti for the amount due under the promissory note, including interest, costs, attorneys fees, and any other relief which the Court deems appropriate.

**Demand for Jury**

The Plaintiff, Joseph Fiorillo respectfully requests that the forgoing claims and actions be determined by a jury.

Joseph Fiorillo, Plaintiff

[P R O P O S E D]
By:_____
Kurt F. Zimmermann
Federal Bar No.  ct00581
Silverstein & Osach, P.C.
234 Church Street, Suite 903
New Haven, CT  06510
(203) 865-0121

9

## PROMISSORY NOTE

$3,562,500                                            Woodbridge, Connecticut
                                                      December 24, 1996

FOR VALUE RECEIVED, the undersigned (the "Maker") promises to pay to the order of CARMINE DIMINICUS, an individual residing at 7 Bragdon Avenue, Danbury, Connecticut 06605 (the "Holder"), or at such other place as the Holder shall designate from time to time in writing, the principal sum (the "Principal") of THREE MILLION FIVE HUNDRED SIXTY TWO THOUSAND FIVE HUNDRED ($3,562,500) DOLLARS, in lawful money of the United States of America, together with interest on the unpaid balance at the fixed rate of SIX AND THIRTY-ONE (6.31%) compounded per annum, not in advance, from the date hereof together with all costs and expenses, including reasonable attorney's fees, incurred by the Holder related to the collection of the debt evidenced thereby or in any litigation arising from or connected with this Note.

Said principal and interest thereon shall be deferred and payable in sixty (60) months from the date hereof. If not sooner paid, the entire balance of principal and accrued interest shall be due and payable on December 31, 2001 (the "Maturity Date").

The Makers, their successors and assigns, shall have the right to prepay without penalty the amount of Principal and/or interest, or the entire unpaid balance at any time, provided, however, the entire Principal and interest, if not sooner paid, shall become due and payable on the "Maturity Date" as hereinbefore set forth.

The terms of this Note shall be construed in accordance with the laws of the State of Connecticut.

In the event that the rate of interest contained herein is deemed usurious, illegal or unenforceable by a Court of competent jurisdiction, then, and in that event, the rate of interest payable thereunder shall be equal to the highest rate permissible by law.

Furthermore, in the event a judgment is entered hereon, interest on the unpaid principal shall continue to be due at the rate provided for in this Note or the legal rate,

Ex. A TO COMPLAINT

whichever is higher, from and after the date of said judgment until payment in full is received by the Holder of this Note.

This Note shall be binding upon the Maker and its successors and assigns.

THE MAKER HAS CAREFULLY READ AND REVIEWED THIS NOTE AND EACH TERM AND PROVISION HEREIN AND, BY THE EXECUTION OF THIS NOTE, SHOWS ITS INFORMED AND VOLUNTARY CONSENT THERETO. THE MAKER HEREBY AGREES THAT, AT THE TIME THIS NOTE IS EXECUTED, THE TERMS OF THIS NOTE ARE COMMERCIALLY REASONABLE AND EFFECTUATE THE INTENT AND PURPOSE OF THE MAKER WITH RESPECT TO THE COMMERCIAL BUSINESS. THE MAKER ACKNOWLEDGES THAT THE TRANSACTION OF WHICH THIS NOTE IS A PART IS A "COMMERCIAL TRANSACTION" AS DEFINED IN CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES.

Frank Perrotti, Jr
Hereunto Duly Authorized