UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH FIORILLO | : |
| Plaintiff | : 2004 FEB 12 P 2: 11 |
| V. | : |
| | : CASE NO. 3:01CV02436 (WWE) |
| FRANK PERROTTI, JR., and | : |
| AUTOMATED SALVAGE | : |
| TRANSPORT, INC. [ASTI] | : |
| Defendants | : |
| FRANK PERROTTI, JR. | : |
| Third Party Plaintiff | : |
| V. | : |
| | : February 9, 2004 |
| THOMAS MILO | : |
| Third Party Defendant | : |

## RULE 26 (f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:        December 28, 2001.
Amended Complaint:           December 23, 2002.
Second Amended Complaint:    November 1, 2003.
Date Complaint Served:       January 16, 2002.

Date of Defendant **Perrotti, Jr.'s** Appearance: **April 23, 2002.**
Date of Defendant **ASTI's** Appearance: **March 15, 2002.**
Date of Third Party Defendant Milo's Appearance: **July 18, 2003.**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on **December 3, 2003.**

The participants were: **Kurt Zimmermann** for **Plaintiff Joseph Fiorillo**, and **Jason M. Kuselias** for both **Defendants Frank Perrotti, Jr. and ASTI** and **Karen Baldwin Kravetz**

for third-party defendant, **Thomas Milo.**

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

A. Subject Matter Jurisdiction: Diversity of Citizenship, 28 U.S.C. 1332.

B. Personal Jurisdiction: Not contested; Defendant Perrotti resides in Connecticut; defendant ASTI is a corporation formed under Connecticut law; its place of business is located in Connecticut.

## III. Brief Description of Case

### A. Claims of Plaintiff Fiorillo:

(1) *Fiorillo versus Defendant Perrotti*: The Plaintiff's claims against Defendant Perrotti arise from Plaintiff's sale of his 100 shares of ASTI (10% of all the outstanding shares of ASTI) to Defendant Perrotti pursuant to a written Stock Purchase Agreement executed by the parties December 12, 1996. The express terms of the Stock purchase Agreement obligate Defendant Perrotti to pay Plaintiff Fiorillo the principal amount of $ 1,187,500 for the shares together with interest accrued at the rate of 6.31% per annum, all due on or before December 31, 2001. This obligation is the subject of a Bill of Sale and a Promissory Note which were executed by Defendant Perrotti

2

concurrently with the Stock Purchase Agreement. Despite Plaintiff Fiorillo having transferred his shares to Perrotti in December 1996, and even though Defendant Perrotti resold the ASTI shares (at a substantial profit) to USA Waste of Connecticut, Inc., in December 1998, Defendant Perrotti has not paid Plaintiff Fiorillo anything. In the first count of the complaint, Plaintiff Fiorillo alleges breach of contract and claims from Defendant Perrotti the amounts due pursuant to the Stock Purchase Agreement, including costs and fees (which are expressly provided for by the Stock Purchase Agreement); In the second count of the complaint, Plaintiff Fiorillo seeks the same relief from Defendant Perrotti for Perrotti's alleged unjust enrichment at Plaintiff Fiorillo's expense; and, the fourth count of the complaint seeks payment of the debt which Defendant Perrotti is obligated to pay Plaintiff Fiorillo pursuant to the December 12, 1996 Promissory Note. The amount of principal with accrued interest which was due as of December 31, 2003, is approximately $ 1,824,642.07.

(2) *Fiorillo versus Defendant ASTI*:   For several years prior to the sale of his 10% ownership of ASTI to Perrotti (described above), Plaintiff Fiorillo was an employee and officer of ASTI. On several occasions during this relationship, Plaintiff Fiorillo was required at year's end to loan funds to ASTI. These loans were carried on the books and records of ASTI as long term liabilities owed to Plaintiff Fiorillo, at least through December 1998, when USA Waste purchased all of the outstanding shares of ASTI from Perrotti. The principal amount of the loans from plaintiff Fiorillo, as shown on the certified financial statements of ASTI for the year ending December 31, 1996, was
$ 276,770.00; the same financial report includes reference to the interest rate for the obligation (again 6.31% per annum) none of which has been paid to Plaintiff Fiorillo and which, together

3

with interest total approximately $ 376,283.21 as of December 31, 2003.

  **B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:**

**1. Defenses and Claims of Defendant Perrotti:**

Defendant Perrotti denies any liability in connection with the purported Stock Purchase Agreement, the alleged transfer of ASTI stock or any other alleged agreements. Defendant Perrotti has asserted numerous affirmative defenses. In addition, Perrotti has asserted a third-party complaint against Defendant Milo asserting that to the extent that Plaintiff is entitled to any recovery, Milo is responsible.

**2. Defenses and Claims of Defendant ASTI:**

Defendant ASTI denies any and all liability in connection with the alleged loans. Defendant ASTI has asserted numerous affirmative defenses among which is the assertion that to the extent that Plaintiff is entitled to any recovery, third-party defendant, Thomas Milo, is responsible.

**3. Defenses and Claims of Third Party Defendant Milo:**

Third Party Defendant Milo denies any liability to Perrotti in connection with the Stock Purchase Agreement because Fiorillo is not entitled to any recovery of relief from Perrotti. Specifically, Milo has asserted numerous affirmative defenses which bar Fiorillo's recovery.

**IV. Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed: **The Parties agree that there was a document entitled Stock Purchase**

4

**Agreement but are unable to agree about its legal effect.**

**V.     Case Management Plan:**

**A. Standing Order on Scheduling in Civil Cases**

The parties **do** request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

**B. Scheduling Conference with the Court**

The parties **do not** request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C. Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement **is unlikely** at this time, **but may be enhanced after minimal discovery and the submission of motions for summary judgment by Plaintiff Fiorillo.**

2. The parties **do not** request an early settlement conference.

3. **If one is to be had,** the parties prefer a settlement conference with the **presiding judge or a magistrate**.

4. The parties **do not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**E. Joinder of Parties and Amendment of Pleadings**

1. *[Not applicable]* Plaintiff(s) should be allowed until [date] to file motions to join additional parties and until [date] to file motions to amend the pleadings.

2. Defendant(s) should be allowed until February 15, 2004 to file motions to join

5

additional parties and until February 20, 2004 to file a response to the second amended complaint.

**F. Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed;

(a) By Plaintiff Fiorillo: the identity of the attorneys who drafted the Stock Purchase Agreement and which party to the transaction they were representing; the authenticity of the Stock Purchase Agreement and the associated Bill of Sale and Promissory Note and signature of defendant Perrotti on them (if any of this is disputed); the CPA work papers and testimony concerning the preparation of the financial statements of ASTI which reflect the long-term liability which underlies Plaintiff's claim in this regard; the consideration paid by USA Waste of Connecticut, Inc. for Defendant Perrotti's shares of ASTI.

(b) By Defendants Perrotti and ASTI: Defendants Perrotti and ASTI will need discovery regarding Plaintiff's negotiations and dealings with third-party defendant, Milo. In addition, discovery will be needed on the background of Plaintiff's alleged stock ownership, the alleged transfer and resulting claims. Defendants Perrotti and ASTI also reserve the right to conduct discovery on any issues raised by Plaintiff or third-party defendant, Milo.

(c) By Third Party Defendant Milo: Milo will need discovery regarding Plaintiff's negotiation and dealings regarding the Stock Purchase Agreement, Plaintiff's claim of stock ownership, the alleged transfers and resulting claims.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **February 1, 2004** and completed by **June 30, 2004.**.

3. Discovery **will not** be conducted in phases.

4. Discovery will be completed by **June 30, 2004.**.

5. The parties anticipate that **Plaintiff Fiorillo** will require a total of **5-10 depositions** of fact witnesses and that the **Defendants** and Third Party Defendant Milo will require a total of **5-10** depositions of fact witnesses. The depositions will commence **on or before February 1, 2004,** and be completed by **June 30, 2004**.

6. The parties **will not** request permission to serve more than 25 interrogatories.

7. **Plaintiff Fiorillo may** call expert witnesses at trial. **Plaintiff Fiorillo** will designate all trial experts and provide opposing counsel with reports from retained experts **(if any)** pursuant to Fed. R. Civ. P. 26(a)(2) **not later than 1 month before the deadline for completing all discovery**. Depositions of any such experts will be completed **not later than June 30, 2004**.

8. Defendants, Perrotti and ASTI and Third Party Defendant Milo may call expert witnesses at trial. Defendants and Third Party Defendant Milo will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) not later than **1 month** before the deadline for completing all discovery. Depositions of such experts will be completed by June 30, 2004.

9. A damages analysis **has been** provided by **Plaintiff Fiorillo (see above)**.

**G. Dispositive Motions:**

Dispositive motions will be filed on or before **June 30, 2004**.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

7

Cases will be filed **on or before 60 days after the Court's final rulings on dispositive motions**.

## VI. TRIAL READINESS

The case will be ready for trial by **September 1, 2004**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff Joseph Fiorillo

_____ February 9, 2004
Kurt F. Zimmermann
Silverstein & Osach, P.C.
ct 00581

Defendant Frank Perrotti, Jr.

_____ February 9, 2004
Jason M. Kuselias
Robinson & Cole LLP
ct 20293

Defendant ASTI

_____ February 9, 2004
Jason M. Kuselias
Robinson & Cole LLP
ct 20293

Third-Party Defendant Thomas Milo

_____ February 9, 2004
Karen Baldwin Kravetz
Susman, Duffy & Segaloff, P.C.
ct 19665

8

Cases will be filed on or before 60 days after the Court's final rulings on dispositive motions.

## VI. TRIAL READINESS

The case will be ready for trial by **September 1, 2004**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff Joseph Fiorillo

_____ February 9, 2004
Kurt F. Zimmermann
Silverstein & Osach, P.C.
ct 00581

Defendant Frank Perrotti, Jr.

_____ February 9, 2004
Jason M. Kuselias
Robinson & Cole LLP
ct 20293

Defendant ASTI

_____ February 9, 2004
Jason M. Kuselias
Robinson & Cole LLP
ct 20293

Third-Party Defendant Thomas Milo

_____ February 9, 2004
Karen Baldwin-Kravetz
Susman, Duffy & Segaloff, P.C.
ct 19665

8

CERTIFICATION

This is to certify that a copy of the foregoing Rule 26(f) report was mailed to all counsel of record (listed below) on February 12, 2004.

Hon. Warren W. Eginton
Chambers
United States District Court
915 Lafayette Blvd
Bridgeport, CT 06604

Joseph E. Faughnan
Karen Baldwin Kravetz
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

Craig A. Raabe
Jason M. Kuselias
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Glenn M. Cunningham
R. Michael Meo
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103

John L. Pollok
William A. Rome
Hoffman & Pollok
260 Madison Ave 22nd FL
New York, NY 10016

Kurt Zimmermann