# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH FIORILLO, | : | |
| Plaintiff | : | |
| | : | |
| V. | : | CIVIL ACTION NO. |
| | : | 3:01CV02436 (WWE) |
| FRANK PERROTTI, JR., and | : | |
| AUTOMATED SALVAGE | : | |
| TRANSPORT, INC. | : | |
| Defendants | : | |

March 24, 2004

| | |
|---|---|
| FRANK PERROTTI, JR. | : |
| Third Party Plaintiff, | : |
| V. | : |
| THOMAS MILO | : |
| Third Party Defendant | : |

## THIRD AMENDED COMPLAINT

**PARTIES**

1.    Plaintiff Joseph Fiorillo is a citizen of New York who presently resides at 12 Hampton Road, Purchase, New York, 10577.

2.    Defendant Frank Perrotti, Jr. is a citizen of Connecticut whose address is 305 Sprucebank Road, Hamden, Connecticut, 06518.

3.    Defendant Automated Salvage Transport, Inc. [ASTI] is a corporation organized under the laws of the State of Connecticut with a principal place of business at 655 Christian Lane, Kensington, Connecticut, whose registered agent for service of process in Connecticut is: CT Corporation Systems, One Commercial Plaza, Hartford, Connecticut, 06103.

**JURISDICTION**

4.    The jurisdiction of the United States District Court for the District of Connecticut is invoked pursuant to Title 28, United States Code, Section 1332, Diversity of Citizenship, as the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

**NATURE OF THE CASE**

5.    Plaintiff, Joseph Fiorillo, asserts claims in contract and equity against the defendants all of which arise from his relationship as both an employee and part owner of Defendant ASTI from approximately March 1991 until on or about December 1996, when Plaintiff Fiorillo's shares in ASTI were transferred to Defendant Perrotti.

**FIRST COUNT - INTRODUCTION**

6.    Defendant Automated Salvage Transport, Inc. was incorporated pursuant to the laws of Connecticut in January, 1990.

7.    At all times relevant to this action, ASTI was engaged in the business of hauling, recovery and marketing of recyclable

2

materials in Connecticut and later in Westchester County, New York.

8.    ASTI was comprised of three operating divisions: a recyclable paper processing and brokering business Automated Material Handling [AMH]; a solid waste hauling operation; and, a public Materials Recovery Facility.

9.    ASTI's principal place of business was located in Berlin, Connecticut where it operated its paper recycling facility. Prior to 1999, ASTI's business offices and the hauling operations were located in Hamden, Connecticut.

10.    ASTI was initially organized with 5,000 authorized shares of common stock, but at all times relevant to this action, only 1,000 shares were issued and outstanding.

11.    During the period between approximately March 1991 and December 12, 1996, the 1,000 outstanding ASTI shares were owned by the following persons in the amounts indicated: 100 shares were owned by the Plaintiff Joseph Fiorillo; 500 shares were owned by the Defendant Frank Perrotti, Jr.; 300 shares were nominally owned by Carmine Domenicus; and, it is not known by the Plaintiff who owned the remaining 100 outstanding shares of ASTI during this period.

12.    Carmine Domenicus held his 300 shares of ASTI common stock as the nominee for his father-in-law, Thomas Milo, who was Defendant Perrotti's de facto partner in the ownership and management of ASTI.  During the relevant period, Thomas Milo loaned to and invested funds in ASTI individually and through Milo's other waste hauling companies, Suburban Carting, Co.

3

[Suburban] and Trottown Transfer Corp. [Trottown].

13.    Plaintiff Fiorillo was also an employee of Suburban during the relevant time period.

14.    During the years 1991 through 1996, Plaintiff Fiorillo loaned approximately $276,770 to ASTI as is reflected on the financial statements for ASTI for the annual periods ending December 31, 1994 through 1995 as a loan from this shareholder.

15.    During the latter part of 1996, ASTI and USA Waste of New York, Inc. formed an affiliation known as Westchester Waste Services Co. LLC [WWSCO] for the purpose of pursuing a contract with the County of Westchester, New York, [the County] for the management and operation of transfer stations, materials recovery facilities, and other solid waste disposal services for the County.

16.    Westchester County's solid waste management services had previously been the subject of a contract between the County and  Milo's Trottown Transfer Corp. but the County had disqualified any entity affiliated with Milo from the new contract proposal.

17.    In late 1996, Defendant Perrotti and his partner Milo requested that Plaintiff Fiorillo transfer ownership of his (Fiorillo's) 100 shares of ASTI to Defendant Perrotti to facilitate ASTI's participation in the Westchester County contract proposal.

18.    It was part of the understanding between the Plaintiff Fiorillo, and the Defendant Perrotti and his partner (Milo) that,

4

after the contract with the County had been awarded to ASTI-WWSCO, USA Waste or its successor Waste Management, Inc. would purchase all of the outstanding shares of ASTI (USA Waste and Waste Management, Inc. were in the process of merging with each other).

19. Defendant Perrotti caused a Stock Purchase Agreement, Bill of Sale, and Promissory Note to be prepared which set forth the specific monetary consideration and terms of the payment agreed to by the parties for the sale of Plaintiff Fiorillo's 100 shares of ASTI to Defendant Perrotti.

20. On or about December 12, 1996, Plaintiff Fiorillo and Defendant Perrotti executed the Stock Purchase Agreement and Bill of Sale, and Defendant Perrotti executed the related Promissory Note in favor of Plaintiff Fiorillo and ownership of the 100 shares of ASTI were thereby transferred from Plaintiff Fiorillo to Defendant Perrotti.[A copy of the Stock Purchase Agreement and the Bill of Sale are attached to this Second Amended Complaint as Exhibit B; the executed Promissory Note is attached as Exhibit A]

21. At or about the same time, the 300 shares of ASTI owned by Domenicus were also transferred to Perrotti and thereafter Perrotti became the sole shareholder of record of ASTI.

22. For all periods subsequent to the transfer of Plaintiff Fiorillo's shares to Defendant Perrotti, the liability owed by ASTI to Plaintiff Fiorillo (formerly shown as a debt owed to the shareholder) was carried on ASTI's books as a long-term liability owed to Plaintiff Fiorillo individually in the

5

principal amount of $276,770, payable (with interest) on or
before December 24, 2001.

23.    In approximately 1997, Westchester County awarded the
contract for the management of its solid waste systems to ASTI-
WWSCO.

24.    Also on or about 1997, USA Waste completed its merger
with Waste Management Inc, and the succeeding entity adopted the
name Waste Management Inc. [USA/Waste Management].

25.    Effective in or about January, 1999, USA/Waste
Management purchased all 1,000 outstanding shares of the common
stock of ASTI for approximately $90 million from shareholder and
Defendant Perrotti (and from persons affiliated with Perrotti to
whom he had transferred shares).

26.    To date, Plaintiff Joseph Fiorillo has not received
any payment from Defendant Perrotti pursuant to the Stock
Purchase Agreement or pursuant to the terms of the Promissory
Note for having transferred ownership of his (Fiorillo's) 100
shares of ASTI to Defendant Perrotti in December, 1996.

27.    To date, ASTI has not paid to Plaintiff Fiorillo any
of the debt owed by ASTI to Plaintiff Fiorillo which ASTI accrued
while Plaintiff Fiorillo was an ASTI shareholder and employee.

**FIRST COUNT-Breach Of Contract against Defendant Perrotti**

28.    The Defendant Perrotti has breached the contract under
the terms of which the Plaintiff Fiorillo transferred his
(Fiorillo's) shares and ownership of ASTI to the Defendant

6

Perrotti.  Defendant Perrotti has failed and refused to pay to Plaintiff Fiorillo the amounts due under the Stock Purchase Agreement and Promissory Note.

29.   The Plaintiff Fiorillo claims damages from the Defendant Perrotti for breach of this agreement and any other relief which the Court deems appropriate from Defendant Perrotti.

**SECOND COUNT-Unjust Enrichment against Defendant Perrotti**

Paragraphs 30 through 56: Paragraphs numbered 1 through 27 of the First Count of this Complaint are incorporated by reference as if fully set forth as paragraphs 30 through 56 of this the SECOND COUNT of the Complaint.

57.   The Defendant Perrotti has benefitted by the Plaintiff Fiorillo's transfer of his (Fiorillo's) 100 shares of ASTI common stock to Defendant Perrotti in December 1996.

58.   The Defendant Perrotti was unjustly enriched to the financial detriment of Plaintiff Fiorillo's because, among reasons, defendant Perrotti realized substantial monetary gain from his resale of the ASTI shares to USA/Waste Management in 1999.

59.   Wherefore, the Plaintiff Fiorillo respectfully requests the Court enter judgment against Defendant Perrotti in an amount commensurate with Plaintiff's loss and Defendant's enrichment, i.e. the value of the shares at the time and under the circumstances of the transfer to defendant, plus any other relief the Court deems appropriate.

**THIRD COUNT-Debt Against Defendant ASTI**

Paragraphs 60 through 86: paragraphs numbered 1 through 27 of the First Count of this Complaint are incorporated by reference as if fully set forth as paragraphs 60 through 86 of this THIRD COUNT of the Complaint.

87.    During the course of his employment and ownership, relationship with Defendant ASTI, the Plaintiff Fiorillo advanced monies as shareholder loans to ASTI in the total principal amount of $276,770 as of December 31, 1997.

88.    The Defendant ASTI has not repaid this liability and it remains due and owing to the Plaintiff.

89.    The Plaintiff Fiorillo respectfully requests the Court enter judgment in his favor and against ASTI for the amount due plus interest and costs, including reasonable attorneys fees and any other relief which the Court deems appropriate.

**FOURTH COUNT-Default under Promissory Note against Defendant Perrotti**

Paragraphs 90 through 116: paragraphs numbered 1 through 27 of the First Count of this Complaint are incorporated by reference as if fully set forth as paragraphs 90 through 116 of this FOURTH COUNT of the Complaint.

116. On or about December 24, 1996,  Defendant Perrotti, as consideration for Plaintiff Fiorillo's having  transferred all of his shares of ASTI to Defendant Fiorillo, executed and delivered to Plaintiff a promissory  note [Exhibit A]  which, by its terms,

8

obligated Defendant Perrotti to pay to Plaintiff Fiorillo the principal amount of $1,187,000.00 on December 31, 2001.

117  By its express terms, the promissory note also provides for payment by the Defendant Perrotti, to the Plaintiff Fiorillo, interest at the fixed rate of 6.31% compounded per annum from the date of its making (December 24, 1996) "together with all costs and expenses, including reasonable attorney's fees, incurred by the Holder related to the collection of the debt evidenced hereby or in any litigation arising from or connected with the promissory note."

118.  Despite demand by the Plaintiff Fiorillo, Defendant Perrotti has not paid to Plaintiff Fiorillo any of the amount due on the promissory note.  Wherefore, Plaintiff Fiorillo requests that the Court enter judgment in his favor and against Perrotti for the amount due under the promissory note, including interest, costs, attorneys fees, and any other relief which the Court deems appropriate.

**Demand for Jury**

The Plaintiff, Joseph Fiorillo respectfully requests that the forgoing claims and actions be determined by a jury.

Joseph Fiorillo, Plaintiff
By: *Kurt Zimmermann*
Kurt Zimmermann
Federal Bar No.  ct00581
Silverstein & Osach, P.C.
234 Church Street, Suite 903
New Haven, CT  06510
(203) 865-0121
(203) 865-0255 fax
kzimmermann@so-law.com

## PROMISSORY NOTE

$1,187,500                                             Woodbridge, Connecticut
                                                      December 24, 1996

**FOR VALUE RECEIVED,** the undersigned (the "Maker") promises to pay to the

order of **JOSEPH FIORILLO**, an individual residing at 444 West Street, Harrison, NY

10528 (the "Holder"), or at such other place as the Holder shall designate from time to

time in writing, the principal sum (the "Principal") of ONE MILLION ONE HUNDRED

EIGHTY SEVEN THOUSAND FIVE HUNDRED($1,187,500) DOLLARS, in lawful money

of the United States of America, together with interest on the unpaid balance at the fixed

rate of SIX AND THIRTY-ONE (6.31%)compounded per annum, not in advance, from the

date hereof together with all costs and expenses, including reasonable attorney's fees,

incurred by the Holder related to the collection of the debt evidenced thereby or in any

litigation arising from or connected with this Note.

Said principal and interest thereon shall be deferred and payable in sixty (60)

months from the date hereof.  If not sooner paid, the entire balance of principal and

accrued interest shall be due and payable on December 31, 2001 (the "Maturity Date").

The Makers, their successors and assigns, shall have the right to prepay without

penalty the amount of Principal and/or interest, or the entire unpaid balance at any time,

provided, however, the entire Principal and interest, if not sooner paid, shall become due

and payable on the "Maturity Date" as hereinbefore set forth.

The terms of this Note shall be construed in accordance with the laws of the State

of Connecticut.

In the event that the rate of interest contained herein is deemed usurious, illegal or

unenforceable by a Court of competent jurisdiction, then, and in that event, the rate of

interest payable thereunder shall be equal to the highest rate permissible by law.

Furthermore, in the event a judgment is entered hereon, interest on the unpaid

principal shall continue to be due at the rate provided for in this Note or the legal rate,

**EXHIBIT A**

whichever is higher, from and after the date of said judgment until payment in full is received by the Holder of this Note.

This Note shall be binding upon the Maker and its successors and assigns.

THE MAKER HAS CAREFULLY READ AND REVIEWED THIS NOTE AND EACH TERM AND PROVISION HEREIN AND, BY THE EXECUTION OF THIS NOTE, SHOWS ITS INFORMED AND VOLUNTARY CONSENT THERETO. THE MAKER HEREBY AGREES THAT, AT THE TIME THIS NOTE IS EXECUTED, THE TERMS OF THIS NOTE ARE COMMERCIALLY REASONABLE AND EFFECTUATE THE INTENT AND PURPOSE OF THE MAKER WITH RESPECT TO THE COMMERCIAL BUSINESS.

THE MAKER ACKNOWLEDGES THAT THE TRANSACTION OF WHICH THIS NOTE IS A PART IS A "COMMERCIAL TRANSACTION" AS DEFINED IN CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES.

Frank Perrotti, Jr.
Hereunto Duly Authorized

## STOCK PURCHASE AGREEMENT

STOCK PURCHASE AGREEMENT (this "Agreement") made and entered on the date set forth on the signature page hereto, by and among the following parties:

1.  JOSEPH FIORILLO an individual residing at 444 West Street, Harrison, New York 10528; CARMINE DIMINICUS an individual residing at 7 Bragdon Avenue, Danbury, Connecticut 06605 (individually referred to herein as Seller and collectively referred to herein as the "Sellers"); and

2.  FRANK PERROTTI, JR. an individual residing at 305 Spruce Bank Road, Hamden, Connecticut 06518(referred to herein as the "Purchaser").

### W I T N E S S E T H :

WHEREAS, the Sellers collectively own forty percent of the issued and outstanding shares of stock, or 400 shares in AUTOMATED SALVAGE TRANSPORT, INC. ("ASTI");

WHEREAS, the Sellers desire to sell and the Purchaser desires to Purchase forty percent (40%) or 400 shares of such stock collectively owned by the Sellers in ASTI (such company is referred to herein as the "ASTI" and the stock as the "Stock").

NOW, THEREFORE, in reliance upon and in consideration for the mutual promises and undertakings herein contained, and subject to the terms and conditions herein contained, the parties hereto hereby agree as follows:

1.  Purchase and Sale of Stock.  Subject to the terms and conditions herein, on December 12, 1996 at 10:00 a.m., or at such other day and time as Purchaser and Sellers shall designate, Sellers shall deliver to Purchaser fully endorsed forty percent (40%) or 400 shares of the issued and outstanding shares of stock of ASTI (referred to herein as the "Closing Date").  Such sale shall be deemed to have taken effect as of the Closing Date.

2.  Related Documents and Concurrent Transactions.  Concurrently with the execution and delivery of this Agreement, the Sellers and Purchaser have or will have taken the actions described below, together with all other instruments, certificates, documents, agreements and side letters which are executed and delivered by or among any of the parties hereto on the Closing Date concurrently herewith are referred to herein collectively as the "Subsidiary Documents" and individually as a "Subsidiary Document"):

1

EXHIBIT B

a.  Bill of Sale.  The Seller has executed and delivered to Purchaser a bill of sale in the form appended hereto as Exhibit A (the "General Bill of Sale").

b.  ASTI Share Certificates.  Sellers shall have delivered to purchaser fully endorsed share certificates to ASTI representing forty percent (40%) or 400 shares of all issued and outstanding shares.

c.  Note.  Purchaser shall have delivered to Sellers a note in the form similar to Exhibit B.

3.  Purchase Price.

a.  Amount of Purchase Price.  The aggregate purchase price for the ASTI stock shall be $4,750,000 (referred to herein as the "Purchase Price").

b.  Method of Payment of Purchase Price.  Payment of the Purchase Price has been made by delivery to the Sellers at the closing of a note.

4.  Representations and Warranties of Sellers.
The Sellers jointly and severally represent and warrant to Purchaser as of the date hereof and on the Closing Date as follows:

a.  Stockholders and Stock.  The Sellers own and possess forty percent (40%)or 400 shares of the issued and outstanding shares of stock of ASTI. The Seller's are the exclusive owners of all legal and beneficial interest in and to such forty percent (40%) or 400 shares of the issued and outstanding shares of ASTI.  The Sellers further represent and warrant that such stock is not pledged, assigned or otherwise encumbered in any way or form.

b.  Authority, Qualification.  Sellers have full legal right, power and authority, without the consent of any person whose consent has not been obtained, to execute and deliver this Agreement and the Subsidiary Documents which are executed and delivered by Sellers and to carry out the transactions contemplated hereunder and thereunder.

c.  Validity.  This Agreement and the Subsidiary Documents which are executed and delivered by Sellers have been duly executed and delivered and are the lawful, valid and legally binding obligations of Sellers enforceable in accordance with their respective terms.

d.  Brokers.  The Sellers have not retained any broker or finder or incurred any liability or obligation for any

2

brokerage fees, commission or finders' fees with respect to this Agreement, the Subsidiary Documents, or the transactions contemplated hereby and thereby.

e.    Full Disclosure.    Neither this Agreement, the Schedules hereto, nor any Subsidiary Document contain any untrue statement, and none of them fail to disclose any fact material to the transactions contemplated hereunder and thereunder.  The transactions contemplated herein are arms length and the Sellers have reviewed the Agreement and the Purchase Price with their respective lawyers and accountants.

5.    Representations and Warranties of Purchaser.    Purchaser hereby represents and warrants to Sellers as of the date hereof, as follows:

a.    Authority.    Purchaser has full legal right, power and authority, without the consent of any other person whose consent has not been obtained, to execute and deliver this Agreement and the Subsidiary Documents to be executed and delivered by the Purchaser, and to carry out the transactions contemplated hereunder and thereunder.

b.    Validity.    This Agreement and the Subsidiary Documents which are executed and delivered by the Purchaser have been duly executed and delivered by the Purchaser, and are the lawful, valid and legally binding obligations of the Purchaser, enforceable against the Purchaser in accordance with their respective terms.

6.    Covenants of Sellers.    In addition to their obligations and undertakings described elsewhere in this Agreement, Sellers jointly and severally agree to keep, perform and fully discharge (or to otherwise cause the performance of) the following covenants and agreements:

a.    Confidentiality.    Except as otherwise set forth below, Sellers agree to keep this Agreement and the transactions contemplated hereunder confidential until mutual agreement is reached on publicity and all subsequent publicity will be cleared with Purchaser prior to release.

b.    Further Assurances.    Sellers hereby agree that after the Closing Date, each will promptly take any action reasonably requested by Purchaser in order to complete the transfer of the stock of ASTI to Purchaser and to otherwise allow Purchaser to achieve the benefits contemplated under this Agreement and the Subsidiary  Documents.

3

7.    Survival and Indemnification.

a.    Survival.    All representations, warranties, covenants,
indemnifications and agreements contained in this Agreement
or in any Subsidiary Document shall be deemed to be material
and to have been relied upon by the parties hereto or the
party to whose benefit such agreement runs, and shall survive
the Closing Date and the execution and delivery of this
Agreement and shall be fully effective and enforceable
thereafter. The representations and warranties set forth in
this Agreement or in any Subsidiary Document shall not be
affected by any due diligence, investigation, verification
or approval by any party hereto or by anyone on behalf of
any such party, except as specifically set forth in this
Agreement or any Subsidiary Document.

b.    Indemnification.    Sellers jointly and severally agree
to indemnify, defend and hold harmless Buyer from and against
any and all loss, damage, lien, encumbrance, debt (including
incidental and consequential damages), expense (including
court costs, reasonable attorneys' fees, interest expenses
and amounts paid in compromise or settlement), suits actions,
claims, penalties, liabilities or obligations related to,
caused by, arising from or on account of any
misrepresentation, breach of any representation or warranty,
failure to fulfill any covenant or agreement pursuant to this
Agreement or any Subsidiary Document, or the inaccuracy of
any exhibit or certificate delivered in connection herewith
or therewith.

c.    Setoff.    In addition to the other rights and remedies,
under this Agreement or the Subsidiary Documents, Purchaser
and/or ASTI shall be entitled to recover any damages,
indemnification, guarantees, adjustments or credits due under
this Agreement, under any Subsidiary Document or pursuant to
any other financial transaction between any of the parties
hereto by setting off such amounts against any payments due
to the Sellers hereunder or against any other amounts due
from Purchaser or from any company controlling or under
common control with the Purchaser.

8.    General Provisions.

a.    Certain Representations.    Each representation and
warranty of the Sellers contained in the agreement and in the
Subsidiary Documents shall be deemed to have been made on and
as of the date hereof and again on and as of the Closing
Date.

b.    Amendment and Waiver.    No amendment or waiver of any
provision of this Agreement or any Subsidiary Document shall

4

in any event be effective, unless the same shall be in writing and signed by the party to be charged, and then such waiver or consent shall be effective only in the specific instance for the specific purpose for which given.

c.    _Notices_.    All notices, requests, demands and other communications hereunder shall be in writing and shall be sent by registered or certified mail, postage prepaid, as follows:

        (a)    If to Purchaser, to:

        Frank Perrotti, Jr.
        305 Spruce Bank Road
        Hamden, CT 06518

        With a copy to:

        John J. Robacynski, Esq.
        P.O. Box 3735
        New Haven, Connecticut, 06525

        (b)    If to Sellers, to:

        Joseph Fiorillo
        444 West Street
        Harrison, New York 10528

        With a copy to:

        Carmine Diminicus
        7 Bragdon Avenue
        Danbury, 06605

Any party may change its address for receiving notice by written notice given to the others named above in the manner described above.

d.    _Parties in Interest_. This Agreement and each Subsidiary Document shall inure to the benefit of and be binding upon the parties or persons named herein and therein, and to their respective successors and assigns.  Any assignment of this Agreement, any Subsidiary Document, or any of the rights hereunder or thereunder by a party hereto or thereto without the prior written consent of the other parties shall be void.

e.    _Entire Transaction_.   This Agreement and each Subsidiary Document shall contain the entire understanding among the parties with respect to the transactions contemplated hereby and thereby and shall supersede all other agreements and understandings among the parties.

f.   <u>Schedules</u>.   The Schedules appended to this Agreement are part of this Agreement.

g.   <u>Applicable Law</u>.   This Agreement shall be governed by and construed in accordance with the internal laws of the State of Connecticut, without reference to its conflict of laws principles.

h.   <u>Severability</u>.   Should any provision of this Agreement be declared invalid, void or unenforceable for any reason, the remaining provisions hereof shall remain in full force and effect.

i.   <u>Litigation Arising from Business Activities</u>.   It is recognized that in the future, litigation may arise relating to the conduct, products, property or assets of ASTI, which may relate directly or indirectly to the period prior to the Closing Date.  Therefore, all of the parties  hereby agree that, to the extent reasonable under the circumstances, they will assist and provide information, records and documents to any other party with respect to any such litigation or potential litigation in which such other party is or may be involved.

j.   <u>Headings</u>.   The section and other headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

k.   <u>Expenses</u>.   Except as otherwise expressly provided herein, each party to this Agreement and the Subsidiary Documents shall pay its own costs and expenses in connection with the transactions contemplated hereby and thereby.

l.   <u>Counterparts</u>.   This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed on original, but all of which together shall constitute one and the same Agreement.


**PURCHASER AND SELLERS HAVE CAREFULLY READ AND REVIEWED THIS AGREEMENT AND EACH TERM AND PROVISION CONTAINED HEREIN AND, BY EXECUTION OF THIS AGREEMENT, SHOW THEIR INFORMED AND VOLUNTARY CONSENT THERETO. THE PARTIES HEREBY AGREE THAT, AT THE TIME THIS AGREEMENT IS EXECUTED, THE TERMS OF THIS AGREEMENT ARE COMMERCIALLY REASONABLE AND EFFECTUATE THE INTENT AND PURPOSE OF PURCHASER AND SELLERS WITH RESPECT TO ASTI.**

IN WITNESS WHEREOF,    the undersigned have hereunto set their respective hands and seals on this 12th day of December, 1996.

As to Sellers:

_____                    _____ (L.S.)
Witness                                     Joseph Fiorillo

Dated: 12/12/96

_____                    _____ (L.S.)
Witness                                     Carmine Diminicus

Dated: 12/12/96


As to Buyer:

_____                    _____, (L.S.)
Witness                                     Frank Perrotti, Jr.

Dated: 11/12/96

STATE OF CONNECTICUT)
                    ) ss:    Woodbridge    December 12, 1996
COUNTY OF New Haven )

    Personally appeared Joseph Fiorillo, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

    In Witness Whereof, I have hereunto set my hand and seal.


                              _____
                              Commissioner of the Superior Court

7

STATE OF CONNECTICUT)
                    )   ss:    Woodbridge    December 12, 1996
COUNTY OF New Haven )

    Personally appeared Carmine Diminicus, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

    In Witness Whereof, I have hereunto set my hand and seal.

                                                Commissioner of the Superior Court

STATE OF CONNECTICUT)
                    )   ss:    Woodbridge    December 12, 1996
COUNTY OF New Haven )

    Personally appeared Frank Perrotti, Jr., signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

    In Witness Whereof, I have hereunto set my hand and seal.

                                                Commissioner of the Superior Court

8

<u>Exhibits</u>

A    General Bill of Sale

B    Note

Exhibit A

<u>BILL OF SALE</u>

BILL OF SALE executed and delivered on the date set forth below, to be made effective as of the 12th day of December, 1996, Joseph Fiorillo and Carmine Diminicus (collectively "Sellers"), to and in favor of Automated Salvage Transport, Inc. ("Purchaser").

For valuable consideration, receipt of which is hereby acknowledged by the Sellers, Sellers do hereby sell, transfer and convey unto the Purchaser all of Sellers' right title and interest in and to forty percent (40%) or _____400_____ shares of all the issued and outstanding shares of stock of "ASTI", as such term is defined in the Stock Purchase Agreement, having an effective date of December 12, 1996, and entered into concurrently herewith by and among the Sellers and the Purchaser.

Sellers hereby represents and warrants that they are the sole and exclusive owners of, and has good and marketable title to such issued and outstanding shares of stock in ASTI, and none of such stock is subject to any mortgage, pledge, lien, charge or encumbrance of any kind or character, direct or indirect, whether accrued, absolute, contingent or otherwise. Sellers further covenants with the Purchaser, and with Purchaser's successors and assigns, that they have good right to bargain and sell the same in the manner above written, and the same are free from all liens and encumbrances whatsoever, and that Sellers further covenant, for itself and its successors and assigns, to warrant and defend the same against the claims of all of those who claim an interest in such stock.

Reference is hereby made to said Stock Purchase Agreement for a more particular statement of additional representations, warranties and covenants to which this transfer is subject. This Bill of Sale is delivered under said Stock Purchase Agreement, and shall be construed consistently therewith.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand and seal as of this 12ᵗʰ day of December, 1996.

_____        _____ (L.S.)
Witness                                          Joseph Kibrillo

Dated: 12/12/96

_____        _____ (L.S.)
Witness                                          Carmine Diminicus

Dated: 12/12/96

11

## CERTIFICATION

This is to certify that on March 24th, 2004, a copy of the foregoing Third Amended Complaint was sent by U.S. Mail. to the following parties:

Hon. Warren W. Eginton
Chambers
United State District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Jason M. Kuselias, Esq.
Craig A. Raabe, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Glenn M. Cunningham, Esq.
R. Michael Meo, Jr. Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819

Joseph E. Faughnan
Karen Baldwin Kravetz
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

John L. Pollok
William A. Rome
Hoffman & Pollok
260 Madison Ave 22nd FL
New York, NY 10016

Kurt Zimmermann

10