UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH FIORILLO                    :
                                   :
    Plaintiff,                     :   CIVIL NO. 3:01CV02436 (WWE)
                                   :
V.                                 :
                                   :
FRANK PERROTTI, JR., and           :
AUTOMATED SALVAGE TRANSPORT,       :
INC.                               :
                                   :
    Defendants.                    :   MAY 5, 2004

### AUTOMATED SALVAGE TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

Defendant, Automated Salvage Transport, Inc. ("ASTI"), answers plaintiff, Joseph Fiorillo's ("Fiorillo" or "Plaintiff"), Third Amended Complaint as follows:

1. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 1 and therefore leaves Fiorillo to his proof.

2. Paragraph 2 is admitted.

3. Defendant Automated Salvage Transport, Inc. was a Connecticut corporation, which was merged into Automated Salvage Transport, Inc. a Delaware corporation which was then merged into Automated Salvage LLC a Delaware limited liability company.

4. Paragraph 4 is admitted.

5. Paragraph 5 contains a statement concerning the "nature of the case" of which ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 5 and therefore leaves Fiorillo to his proof.

6. ASTI admits that Automated Salvage Transport Inc. was incorporated pursuant to the laws of Connecticut in January 1990, but was subsequently merged into Automated Salvage Transport Inc. a Delaware corporation, which was subsequently merged into Automated Salvage Transport LLC a Delaware limited liability company.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. ASTI admits that Carmine Dominick has held 300 shares of ASTI common stock. ASTI also admits that Thomas Milo loaned and invested funds in ASTI. As to the remaining allegations of paragraph 12, ASTI has insufficient knowledge or information to admit or deny the allegations and therefore leaves Fiorillo to his proof.

13. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore leaves Fiorillo to his proof.

14. ASTI admits that loans from Fiorillo to ASTI were reflected on ASTI's financial statements, but denies that ASTI is responsible for the repayment of the alleged loans.

15. Paragraph 15 is admitted.

16. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 16 and therefore leaves Fiorillo to his proof.

17. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 17 and therefore leaves Fiorillo to his proof.

18. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 18 and therefore leaves Fiorillo to his proof.

19. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 19 and therefore leaves Fiorillo to his proof.

20. Paragraph 20 refers to a document which speaks for itself. As to any additional allegations contained in paragraph 20, ASTI has insufficient knowledge or information to admit or deny the allegations and therefore leaves Fiorillo to his proof.

21. Paragraph 21 is admitted.

22. ASTI admits that loans from Fiorillo to ASTI were reflected on ASTI's financial statements, but denies that ASTI is responsible for the repayment of the alleged loans.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. ASTI has insufficient knowledge or information to admit or deny the allegations in paragraph 26 and therefore leaves Fiorillo to his proof.

27. ASTI admits that it has not paid Fiorillo any money with respect to the alleged debt owed by ASTI to Fiorillo. ASTI denies any liability implied from the allegations contained in paragraph 27.

## FIRST COUNT

28.-29. Paragraphs 28 and 29 are directed solely at Perrotti, and therefore, ASTI need not respond.

## SECOND COUNT

30.-59. Paragraphs 30 through 59 are directed solely against Perrotti, and therefore, ASTI need not respond.

## THIRD COUNT

60.-86. ASTI's responses to paragraphs 1 through 27 are incorporated by reference as if more fully set forth herein as ASTI's responses to paragraphs 60 through 86.

87. ASTI admits that loans from Fiorillo to ASTI were reflected on ASTI's financial statements, but denies that ASTI is responsible for the repayment of the alleged loans.

88. ASTI admits that it has not paid Plaintiff in connection with the alleged liability, but denies any liability as alleged.

89. Paragraph 89 contains a prayer for relief, to which ASTI need not respond.

## FOURTH COUNT

90.-118. Paragraphs 90 through 118 are directed solely against Perrotti, and therefore, ASTI need not respond.

## AFFIRMATIVE DEFENSES

First Affirmative Defense (Third Count)

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

Second Affirmative Defense (Third Count)

Plaintiff's claims are barred due to failure of consideration.

Third Affirmative Defense (Third Count)

Plaintiff's claims are barred by the principle of setoff.

Fourth Affirmative Defense (Third Count)

To the extent that Plaintiff's claims are based upon an oral agreement, the Plaintiff's claims are barred by the statute of frauds.

Fifth Affirmative Defense (Third Count)

Plaintiff's claims are barred by the principle of estoppel.

Sixth Affirmative Defense (Third Count)

Plaintiff's claims are barred by the principle of waiver.

Seventh Affirmative Defense (Third Count)

Plaintiff's claims are barred by the doctrine of laches.

Eighth Affirmative Defense (Third Count)

Upon information and belief, to the extent that Plaintiff is entitled to any recovery, third party defendant Thomas Milo is responsible.

DEFENDANT,
AUTOMATED SALVAGE
TRANSPORT, INC.

Craig A. Raabe – (ct 04116)
Email: craabe@rc.com
Jason M. Kuselias – (ct20293)
Email: jkuselias@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860)275-8200
Fax No.: (860) 275-8299

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent via facsimile and first class mail, postage prepaid, on this 5th day of May, 2004 to:

Kurt F. Zimmermann, Esq.
Silverstein & Osach, P.C.
23 Church Street, Suite 903
New Haven, CT 06510

Glenn M. Cunningham, Esq.
R. Michael Meo, Jr., Esq.
Shipman & Goodwin LLP
One America Row
Hartford, CT 06103-2819

Joseph E. Faughnan, Esq.
Karen Baldwin Kravetz, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

John L. Pollok, Esq.
William A. Rome, Esq.
Hoffman & Pollok
260 Madison Avenue, 22nd Floor
New York, NY 10016

Jason M. Kuselias