UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH FIORILLO          :
                         :
    Plaintiff,           :   CIVIL NO. 3:01CV02436 (WWE)
                         :
V.                       :
                         :
FRANK PERROTTI, JR., and AUTOMATED :
SALVAGE TRANSPORT, INC.  :
                         :
    Defendants.          :   MAY 5, 2004

### FRANK PERROTTI, JR.'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

### ANSWER

Defendant, Frank Perrotti, Jr. ("Perrotti"), answers Plaintiff, Joseph Fiorillo's ("Fiorillo" or "Plaintiff") Second Amended Complaint as follows:

1. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 1 and therefore leaves Fiorillo to his proof.

2. Paragraph 2 is admitted.

3. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 3 and therefore leaves Fiorillo to his proof.

4. Paragraph 4 is admitted.

5. Paragraph 5 contains a statement concerning the "Nature of the case" of which Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 5 and therefore leaves Fiorillo to his proof.

6. Paragraph 6 is admitted.

HART1-1178280-1

7.  Paragraph 7 is admitted.

8.  Paragraph 8 is admitted.

9.  Paragraph 9 is admitted.

10. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 10 and therefore leaves Fiorillo to his proof.

11. Perrotti admits that he owned 500 shares of ASTI stock during the period referenced. As to the remaining allegations of Paragraph 11 Perrotti has insufficient knowledge or information to admit or deny the allegations ant therefore leaves Fiorillo to his proof.

12. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 12 and therefore leaves Fiorillo to his proof.

13. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore leaves Fiorillo to his proof.

14. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore leaves Fiorillo to his proof.

15. Paragraph 15 is admitted.

16. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 16 and therefore leaves Fiorillo to his proof.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Perrotti admits that a Stock Purchase Agreement, Bill of Sale, and Promissory Note were prepared and that the documents speak for themselves.

20. Perrotti admits that a Stock Purchase Agreement, Bill of Sale, and Promissory

Note were executed and that the documents speak for themselves.

21. Paragraph 21 is admitted.

22. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 22 and therefore leaves Fiorillo to his proof.

23. Paragraph 23 is admitted.

24. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 24 and therefore leaves Fiorillo to his proof.

25. Paragraph 25 is admits that he sold shares of stock to USA/Waste Management. As to the remaining allegations contained in paragraph 25 Perrotti has insufficient knowledge or information to admit or deny those allegations and therefore leaves Fiorillo to his proof.

26. Paragraph 26 is admitted.

27. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 27 and therefore leaves Fiorillo to his proof.

**FIRST COUNT**

28. Paragraph 28 is denied.

29. Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 29 and therefore leaves Fiorillo to his proof.

**SECOND COUNT**

30.-56. Paragraphs 1 through 27 of Perrotti's answers are incorporated by reference as more fully set forth herein as Paragraphs 30 to 56.

57. Perrotti acknowledges that there was a transfer of 100 shares of ASTI common stock in December of 1996, but denies the remaining allegations contained in Paragraph 57.

58.   Paragraph 58 is denied.

59.   Perrotti has insufficient knowledge or information to admit or deny the allegations in paragraph 59 and therefore leaves Fiorillo to his proof.

**THIRD COUNT**

60.-89.   Paragraphs 60 through 89 are directed solely against defendant ASTI, therefore, Perrotti need not respond.

**FOURTH COUNT**

90.-115.   Perrotti's responses to paragraphs 1 through 27 of the First Count are incorporated by reference as if more fully set forth herein as Perrotti's responses to paragraphs 90 to 115 of the Fourth Count.

116.   Perrotti admits that he executed the Promissory Note attached as Exhibit A to the Third Amended Complaint. The remaining allegations contained in paragraph 116 refer to a document which speaks for itself and therefore Perrotti need not respond.

117.   Paragraph 117 refers to a document which speaks for itself and therefore Perrotti need not respond.

118.   Perrotti denies that plaintiff is due any amounts in connection with the Promissory Note.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense (All Counts)**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**Second Affirmative Defense (First Count)**

Plaintiff's claims are barred due to failure of consideration.

**Third Affirmative Defense (All Counts)**

Plaintiff's claims are barred by the principle of setoff.

**Fourth Affirmative Defense (All Counts)**

To the extent that Plaintiff's claims are based upon an oral agreement, the Plaintiff's claims are barred by the statute of frauds.

**Fifth Affirmative Defense (All Counts)**

Plaintiff's claims are barred by the principle of estoppel.

**Sixth Affirmative Defense (All Counts)**

Plaintiff's claims are barred by the principle of waiver.

**Seventh Affirmative Defense (All Counts)**

Plaintiff's claims are barred by the doctrine of laches.

**Eighth Affirmative Defense (All Counts)**

Upon information and belief, to the extent Plaintiff is entitled to any recovery, third party defendant Thomas Milo is responsible.

DEFENDANT,
FRANK PERROTTI, JR.

Craig A. Raabe – (ct 04116)
Email: craabe@rc.com
Jason M. Kuselias – (ct20293)
Email: jkuselias@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860)275-8200
Fax No.: (860) 275-8299

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent via facsimile and first class mail, postage prepaid, on this 5th day of May, 2004 to:

Kurt F. Zimmermann, Esq.
Silverstein & Osach, P.C.
23 Church Street, Suite 903
New Haven, CT 06510

Glenn M. Cunningham, Esq.
R. Michael Meo, Jr., Esq.
Shipman & Goodwin LLP
One America Row
Hartford, CT 06103-2819

John L. Pollok, Esq.
William A. Rome, Esq.
Hoffman & Pollok LLP
260 Madison Avenue
New York, NY 10016

Joseph E. Faughnan
Karen Baldwin Kravetz
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507

Jason M. Kuselias